**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRENNAN LANDY, individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiffs*, | |
| v. | Class Action |
| VISION SOLAR, LLC d/b/a SOLAR EXCHANGE | Jury Trial Demanded |
| *Defendant*. | |

## CLASS ACTION COMPLAINT AT LAW

Plaintiff Brennan Landy ("Landy" or "Plaintiff") brings this Class Action Complaint against Defendant Vision Solar, LLC d/b/a Solar Exchange ("Vision" or "Defendant") to stop its practice of placing unsolicited telemarketing calls *without consent* to consumers who registered their phone numbers on the National Do Not Call Registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Landy, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### PARTIES

1. Plaintiff Landy is a resident of Ardmore, Pennsylvania.

2. Defendant is a limited liability company with its principal place of business located in Cherry Hill, New Jersey. Defendant conducts business throughout this District and the United States.

1

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant is located in this District and the wrongful conduct giving rise to this case was directed from this District.

## INTRODUCTION

5. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

7. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

8. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

9. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

10. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

11. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

12. According to online robocall tracking service "YouMail," 3.3 billion robocalls were placed in June 2020 alone, at a rate of 111.2 million per day. www.robocallindex.com (last visited July 28, 2020).

13. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

14. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

15. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS OF FACT

16. Defendant Vision Solar is a supplier of solar energy products headquartered in New Jersey.

17. As part of its business practice, Defendant places solicitation calls to consumers in order to solicit them to purchase home warranty plans.

18. Unfortunately, these calls are being placed without express written consent to consumers who are registered on the national do not call registry and who do not have an existing business relationship with Defendant.

19. In response to these calls, Plaintiff Landy files this lawsuit seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Classes and costs.

## FACTS SPECIFIC TO PLAINTIFF LANDY

20. Plaintiff Landy is the owner and customary user of a personal cellular telephone number ending in 5129.

21. On or around June 30, 2020, Plaintiff received a call from the number 856-861-3250. The caller identified herself as "working alongside PICO", which is an energy provider in Pennsylvania. The caller solicited Landy for Defendant's solar products.

22. The next day, on July 1, 2020, Plaintiff received another call from the number 856-861-3250. The caller identified himself as "Ryan" who was "working alongside PICO",

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

which is an energy provider in Pennsylvania. "Ryan" solicited Landy for Defendant's solar products.

23. On or around August 5, 2020 Plaintiff received a call from the number 201-656-4252. The caller solicited Landy for Defendant's solar products.

24. On or around December 15, 2020, Plaintiff received a call from the number 610-753-4071. The caller stated that she was calling "alongside of your electric company" and solicited Landy for solar products.

25. The December 15, 2020 caller was a representative of Defendant and was calling to solicit the purchase of Defendant's products.

26. Landy received another call from Defendant on December 16, 2020, again to solicit the sale of Defendant's products and services.

27. Landy never provided any prior express consent to receive these calls.

28. Defendant was aware that calls were placed to consumers like Landy who had not consented to receive them.

29. By continuing to make unauthorized calls as alleged herein, Defendant has caused Plaintiff and other consumers actual harm and cognizable legal injury. This includes the aggravation, nuisance, and invasion of privacy that results from the receipt of such unwanted calls. Furthermore, the calls interfered with Plaintiff's and the other Class members' use and enjoyment of their cellphones, including the related data, software, and hardware components. Defendant also caused injury to their phones by causing wear and tear on their property, consuming battery life, interfering with their use and enjoyment, and appropriating cellular minutes and data.

30. To redress these injuries, Plaintiff, on behalf of himself and the Class of similarly situated individuals set forth below, bring this suit under the TCPA, which prohibits unsolicited calls to cellular telephones. On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized autodialed calling activities (plus corresponding declaratory relief) and an award of statutory damages to the class members to be paid into a common fund for the benefit of the class members, together with costs and reasonable attorneys' fees.

## CLASS ALLEGATIONS

31. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of themselves and a Class as defined as follows:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of the Defendant) called more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff, and (5) for whom Defendant claims (a) they obtained prior express written consent in the same manner as Defendant claim they supposedly obtained prior express written consent to call Plaintiff, or (b) they did not obtain prior express written consent.

32. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiff anticipates the need to amend the class definition following appropriate discovery.

33. **Numerosity:** The exact number of members within the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has made unsolicited to thousands of consumers who fall into the definition of the Class. The exact number of members of the Class can be identified through Defendant's records.

34. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the members of the Class have sustained damages arising out of Defendant's uniform wrongful conduct.

35. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff and his counsel have no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

36. **Commonality and Predominance:** There are several questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

   (a)   Whether Defendant's conduct violated the TCPA;

   (b)   Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct;

   (c)   Whether Defendant systematically called consumers absent prior express written consent; and

   (d)   Whether Defendant made the calls using an automatic telephone dialing system or pre-recorded voice technology.

37. **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendant has acted or refused to act on grounds substantially similar towards all members of the Class so as to render final injunctive relief and corresponding declaratory relief appropriate so as to warrant certification under Rule 23(b)(2).

38. **Superiority & Manageability:** This case is also appropriate for class certification under Rule 23(b)(3) because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured. Also, there are no pending governmental actions against Defendant for the same conduct.

## CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.***
**(On Behalf of Plaintiff and the Class)**

39. Plaintiff repeats and realleges paragraphs 1 through 38 of this Complaint and incorporates them by reference.

40. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o

person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

41. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

42. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

43. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

44. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

45. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Landy, on behalf of himself and the class, pray for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class, and appointing his counsel as Class Counsel;

B. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

C. An order declaring that Defendant's actions, as set out above, violate the TCPA;

D. A declaratory judgment that Defendant's calling practices violated the TCPA;

E. An injunction requiring Defendant to cease all unsolicited calling activities, and otherwise protecting the interests of the Class;

F. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above;

G. An award of treble damages if willfulness is shown; and

H. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: November 23, 2021        **Brennan Landy**, individually and on behalf of all others similarly situated,

By:   s/ *Jeffrey S. Arons*
      One of Plaintiff's Attorneys

Jeffrey S. Arons
ja@aronslaw.net
Arons & Arons, LLC
76 South Orange Ave., Suite 100
South Orange, New Jersey 07079
Telephone: (973) 762-0795
Facsimile: (973) 762-0279


Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

**Pro Hac Vice* admission to be sought