UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BRENNAN LANDY, *individually and on behalf of other similarly situated,* | : | |
| | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 21-20241 |
| v. | : | |
| VISION SOLAR, LLC d/b/a/ SOLAR EXCHANGE, | : | |
| | : | |
| Defendants. | : | OPINION |
| | : | |

Plaintiff brings this Class Action Complaint against Defendant Vision Solar, LLC d/b/a Solar Exchange ("Defendant") pursuant to the Telephone Consumer Protection Act (the "Act"), 47 U.S.C. § 227(c), to stop its practice of placing unsolicited telemarketing calls without consent to consumers who registered their phone numbers on the National Do Not Call Registry.  The Complaint consists of one count for violation of the Act, arising out of Plaintiff allegedly receiving more than one "telephone solicitation" from "Defendant" within a 12-month period, despite being on the national do-not-call registry. See Compl. at ¶¶ 40-45. The proposed Class Action Complaint names Vision Solar, LLC d/b/a Solar Exchange as the sole defendant.  Defendant moves for dismissal as a matter of law, pursuant to Fed. R. Civ. P. 12 (b)(6), because it claims that no corporate entity named "Vision Solar, LLC d/b/a Solar Exchange" exists or was formed.

In support of dismissal, Defendant claims that Plaintiff wrongfully attempts to combine two legally distinct and separate entities as a single entity without any support

for using the legally operative "d/b/a" designation or attempt to link the two entities in the Complaint.  Defendant makes both a facial challenge and an evidentiary challenge in support of its motion.  Facially, the Complaint lacks an allegation to support the claim that Vision Solar, LLC did business under the name "Solar Exchange." Defendant claims this is fatal because "doing business as" names must be registered under Delaware law. See 6 Del. C. §3101; Del. Practical Law Checklist 3-616-5154 ("A business entity may … do business under a name other than its legal name (generally referred to as an assumed, doing-business-as (DBA), or fictitious name) if it registers to do business under an assumed name."). Defendant claims that Plaintiff has sued an entity

that does not exist.

      Finally, the Complaint treats the two entities, Vision Solar and Solar Exchange, singularly and refers to the unlawful alleged activity as having been committed by "Defendant."  The draftsmanship does not parse which of the two named entities engaged in the complained of conduct and leaves open the question of whether actions taken by either entity are attributable to both entities. Without a foundation as to the corporate identification of the sole "Defendant," the Defendant claims that the allegations of unlawful conduct are speculative and seeks dismissal. <u>See</u>  Berman Dec. at Exs. B and C.

      Although filed as a Rule 12 (b)(6) Motion, Defendant also provides documents purporting to show that the two corporate entity registrations are no longer current: a Delaware registration for Vision Solar, LLC with a status of "Voluntarily Cancelled," and a Pennsylvania registration for a company called Solar Exchange, LLC with a status of "Terminated." (Dkt. 3-2,Ex. B, C.)  This is at odds with the Complaint which identifies

"Defendant" as a citizen of New Jersey. Compl. ¶2. The printouts from Delaware's and Pennsylvania's respective Division of Corporation websites were supplied to the Court to "[t]o remove any doubt that Vision Solar, LLC and Solar Exchange LLC are entirely separate and distinct entities[.]" Reply Br. At 5.

For all of these reasons, Defendant seeks dismissal.

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a claim based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim.  Fed. R. Civ. P. 12(b)(6).  When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration. See U.S. Express Lines, Ltd. V. Higgins, 281 F.3d 383, 388 (3d Cir. 2020); Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).  It is not necessary for the plaintiff to plead evidence.  Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977).  The question before the Court is not whether the plaintiff will ultimately prevail.  Watson v. Abington Twp., 478 F.3d 144, 150 (2007).  Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

A motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." Twombly, 550 U.S. at 556 (internal citations omitted).  "[W]here the well-pleaded facts do not permit the court to

infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 174 (3d Cir. 2010) (internal citation and quotation omitted; emphasis added).

As it must, the Court has viewed the allegations in the Complaint in a light most favorable to Plaintiff and accepts the allegations therein as true. Under Rule 12(b)(6), the Court is restrained from considering evidence outside of the complaint, but there are some exceptions. Relevant here, it appears that the exhibits attached to the Declaration of Defendant's Counsel are matters of public record, as counsel avers they represent printouts from Delaware's and Pennsylvania's respective Division of Corporation websites. Berman Dec. Exs. B & C. [Dkt. 3-2] In such circumstances, the Court may consider this extraneous evidence. Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). These submissions appear to be relevant, but the Court finds that, without more, they are not dispositive.[1]

At the same time, the Court agrees with Defendant that the Complaint lacks a sufficient foundation for the connection between Vision Solar and Solar Exchange. Plaintiff submits that should the Court find that the pleading does sufficiently identify

---

[1] The Court notes that these documents reference corporate status of entities of similar names that ceased to exist in 2018 and 2019. Without a full record, the Court cannot credit this submission as dispositive, even though it agrees that the draftmanship of the Complaint leaves open the question of the interplay between Vision Solar and Solar Exchange.

the Defendant and/or the Defendant's conduct, he is able to cure the deficiencies by way of amendment. Therefore, the Court will dismiss the motion without prejudice and with leave to file a curative amendment. See Great Western Mining & Mineral Co. ("[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile.") (internal citation and quotation omitted); Lampon-Paz v. Off. of Pers. Mgmt., No. 15-5835, 2016 WL 1337556, at *1 (D.N.J. Apr. 4, 2016).[2]

For the reasons stated above, Defendant's Motion to Dismiss is dismissed without prejudice. Plaintiff will be given leave to file an Amended Complaint sufficiently setting forth the identity of the corporate defendant.

An appropriate Order shall issue.

Dated: February 7, 2023

                                                    /s/ Joseph H. Rodriguez
                                                    Hon. Joseph H. Rodriguez, USDJ

---

[2] The Court notes that Defendant cites this case in support of its argument that the Complaint be dismissed because of Plaintiff's alleged combining of two separate corporate entities. In Lampon-Paz, the Court dismissed the complaint without prejudice but granted Plaintiff leave to amend to cure the deficiencies.