UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BRENNAN LANDY, individually and on behalf of all others similarly situated, | : : : | |
| | : | Hon. Joseph H. Rodriguez |
| *Plaintiff*, | : : | |
| v. | : : | Civil No. 21-20241 |
| VISION SOLAR, LLC d/b/a SOLAR EXCHANGE, | : : : | **OPINION** |
| *Defendant.* | : : | |

Presently before the Court is the Motion to Dismiss the First Amended Complaint by Vision Solar, LLC. On February 7, 2023, the Court granted Defendant's Motion to dismiss and granted Plaintiff leave to file an amended complaint to correct the deficiencies related to the proper identity of the corporate entity named as defendant. Plaintiff filed the First Amended Complaint on February 21, 2023 and this motion followed. The Court has considered the written submissions of the parties, pursuant to Fed. R. Civ. P. 78. For reasons that follow, the motion will be granted.

## I. Background

Plaintiff brings this Class Action Complaint against Defendant Vision Solar, LLC d/b/a Solar Exchange ("Defendant") pursuant to the Telephone Consumer Protection Act (the "Act"), 47 U.S.C. § 227(c), to stop its practice of placing unsolicited telemarketing calls without consent to consumers who registered their phone numbers on the National Do Not Call Registry. The Original Complaint consisted of one count for violation of the Act, arising out of the Plaintiff allegedly receiving more than "one telephone solicitation" from the "Defendant" within a 12-month period, despite being on

1

the National Do Not Call Registry. [*See* Compl. at ¶¶ 40-45]. The original proposed Class Action Complaint named Vision Solar, LLC d/b/a Solar Exchange as the sole defendant. Defendant moved for dismissal as a matter of law, pursuant to Fed. R. Civ. P. 12(b)(6), because it claimed that no corporate entity named "Vision Solar, LLC d/b/a Solar Exchange" exists or was formed. In support of dismissal, Defendant claimed that Plaintiff wrongly attempted to combine two distinct and separate entities as a single entity without any support for using the legally operative "d/b/a" designation or attempt to link the two entities in the Original Complaint.

The Court agreed with the Defendant finding "the Complaint lacks a sufficient foundation for the connection between Vision Solar and Solar Exchange," but granted Plaintiff "leave to file an Amended Complaint sufficiently setting forth the identity of the corporate defendant." [Dkt. 7 at 4-5].

The Plaintiff timely filed the Amended Complaint. The Defendant now moves to dismiss Plaintiff's Amended Complaint in its entirety as a matter of law because the Plaintiff has "failed to sufficiently set forth the identity of the corporate defendant and therefore, should be dismissed." [Dkt. 10-1 at 1]. Plaintiff argues the Amended Complaint "has been filed against Defendant Vision Solar, LLC—the sole corporate defendant identified in the case at this time—and Plaintiff alleges on information and belief that Vision conducts at least a portion of its business under the name 'Solar Exchange.'" [Dkt. 11 at 2].

## II. Standard of Review

### a. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a claim based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P.

12(b)(6). A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. *Id.* In general, only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint are taken into consideration when deciding a motion to dismiss under Rule 12(b)(6). *See Chester County Intermediate Unit v. Pa. Blue Shield*, 896 F.2d 808, 812 (3d Cir. 1990). It is not necessary for the plaintiff to plead evidence. *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 446 (3d Cir. 1977). The question before the Court is not whether the plaintiff will ultimately prevail. *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007). Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility[1] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

The Court need not accept "'unsupported conclusions and unwarranted inferences,'" *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), however, and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness." *Wyeth v. Ranbaxy Labs., Ltd.*, 448 F. Supp. 2d 607,

---

[1] This plausibility standard requires more than a mere possibility that unlawful conduct has occurred. "When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'' *Id.*

3

609 (D.N.J. 2006) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (quoting *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss.")). *Accord Iqbal*, 556 U.S. at 678–80 (finding that pleadings that are no more than conclusions are not entitled to the assumption of truth).

Further, although "detailed factual allegations" are not necessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). *See also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 556. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679.

Finally, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (internal citation and quotation omitted).

### III.   Analysis

Defendant revives its argument that "Plaintiff has attempted to combine two legally distinct separate entities as a single entity without any credible support." [*See* Dkt. 10-1 at 6]. Despite, Plaintiff's contention that the "complaint seeks relief against one corporate defendant—Vision Solar, LLC—which he alleges also conducts business, at least in part, using the name 'Solar Exchange,'" [Dkt. 11 at 1], Plaintiff did not amend the caption or remove any references to "d/b/a Solar Exchange" throughout the Amended Complaint. The Plaintiff alleges this is a factual allegation, which at the motion to dismiss stage, must be accepted as true. [*See* Dkt. 11 at 2]. However, this is not a factual obligation that must be taken as true but is instead an impermissible legal conclusion. Thus, the Court finds the Plaintiff continues to attempt to combine two distinct and separate entities as a single entity without any support for using the legally operative "d/b/a" designation or attempt to link the two entities in the Amended Complaint.

Despite the Court's previous Opinion and Order [Dkt. Nos. 7, 8], Plaintiff continues to rely upon a 2019 press release from Wolf Commercial Real Estate, which includes the name "Vision Solar LLC, doing business as Solar Exchange." [*See* Am. Compl. ¶ 18]. As previously found, the press release is an insufficient foundation for the connection between Vision Solar and Solar Exchange. Significantly, Plaintiff fails to provide any legally reliable and/or verified documents that establish "Vision Solar, LLC d/b/a Solar Exchange" as the name of any registered and/or legally recognized entity.

Plaintiff now alleges in the Amended Complaint "during one of the calls [], the call center operator stated that Solar Exchange and Vision are 'partner companies.'" [*See* Am. Compl ¶ 19]. Such allegation contradicts Plaintiff's belief that Vision Solar, LLC and Solar Exchange are not partner companies but are the same company. *See id.* ("On

5

information and belief, they are not merely 'partner companies'—they are the same company, with Vision doing business as Solar Exchange.").

Plaintiff's Amended Complaint fails to provide the sufficient foundation for the claim that Vision Solar, LLC, does business under the fictitious name Solar Exchange and is, therefore, dismissed in its entirety.

## IV. Conclusion

For the reasons stated above, Defendant's Motion to Dismiss is granted, and Plaintiff's Amended Complaint is dismissed with prejudice.[2]

An appropriate Order shall issue.

Dated: July 17, 2023

s/ Joseph H. Rodriguez<br>Hon. Joseph H. Rodriguez, USDJ

---

[2] Given that Plaintiff was previously granted leave to correct the deficiency and has failed to set forth a sufficient basis for the identity of the defendant corporate entity in the First Amended Complaint, dismissing the matter without prejudice and with leave to file a second amended complaint is futile. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).